IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA

      Plaintiff,

    v.

MARCUS CERONE COX,

      Defendant.

_____

Case No. 6:18-cr-00615-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Marcus Cerone Cox moves for compassionate release based on emergency circumstances surrounding the COVID-19 pandemic. For the following reasons, Mr. Cox's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No. 89, is DENIED.

## LEGAL STANDARD

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

1 – OPINION AND ORDER

and that such a reduction is consistent with applicable policy statements issued by
the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

For now, "the Sentencing Commission has not yet issued a policy statement 'applicable'

to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 798 (9th

Cir. 2021). Yet while U.S.S.G. § 1B1.13 is not binding, "[t]he Sentencing Commissions

statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for [compassionate

release] motions filed by a defendant." *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180

(7th Cir. 2020)). "[U.S.S.G. § 1B1.13(2)] recommends that courts not reduce sentences of

individuals who would present a danger to the community upon release . . . and the Court finds

that to be an appropriate consideration." *United States v. Blick*, No. CR17-0216-JCC, 2021 WL

1313110, at *1 (W.D. Wash Apr. 8, 2021) (citing *United States v. Arceneaux*, 830 F. App'x 859

(9th Cir. 2020) (affirming denial of a compassionate release motion because the defendant

remained a danger to the community)).

## DISCUSSION

The Court originally sentenced Mr. Cox to 110 months in prison for one count of

interference with interstate commerce by robbery and one count of brandishing a firearm during

and in relation to a crime of violence. Def.'s Mot. Reduce Sentence 10, ECF No. 89. Mr. Cox

has served approximately 46 months (48%) of this sentence and has a projected release date of

July 22, 2025. *Id.* Mr. Cox is 39 years old and is a former smoker. Cox Am. PSR 16, ECF No.

86. He suffers from obesity, PTSD and depression, and he is a former user of methamphetamine

and cocaine. *Id.* at 20–23. Although Mr. Cox is fully vaccinated, he argues that the congregate

nature of incarceration still creates a substantial risk of breakthrough cases, and that these

physical and mental health issues increase his risk of experiencing severe complications from

COVID-19. Def.'s Mot. Reduce Sentence 18, 23–24. Mr. Cox also argues that the impending termination of his parental rights due to his incarceration constitutes an extraordinary and compelling circumstance that further supports his release. *Id.* at 14.

The Government argues that Mr. Cox has failed to establish extraordinary and compelling reasons warranting a sentence reduction. Gov.'s Resp. 2, ECF No. 90. While the Government concedes that Mr. Cox's health issues generally increase risk of severe complications from COVID-19, they argue that Mr. Cox's risk is sufficiently mitigated by the fact that he is fully vaccinated. *Id.* at 3. The Government also argues that the impending termination of Mr. Cox's parental rights does not constitute an extraordinary and compelling circumstance because his child has a stable living situation. *Id.* at 4.

The Court agrees with the Government. Mr. Cox received two doses of the Moderna vaccine in July. Gov.'s Resp. 4. The Moderna vaccine has been shown to prevent COVID-19 infection in 94.1% of individuals who have received two doses—even when there are underlying health conditions. *Moderna COVID-19 Vaccine Overview and Safety*, CDC (Aug. 19, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html. Additionally, Mr. Cox is incarcerated at USP Victorville, which currently has no positive COVID-19 cases among inmates. *See Covid-19 Cases*, BOP: COVID-19, https://www.bop.gov/coronavirus/ (Last visited Sep. 16, 2021).

This Court sympathizes with Mr. Cox regarding the impending termination of his parental rights. The fact that Mr. Cox was unlikely to retain custody of his child was apparent at the time of sentencing. Courts most often find the risk of losing parental rights to be extraordinary and compelling circumstances when the child is not in a stable living situation. *See United States v. Murry*, WL 795451, at *2 (S.D. Ind. 2021); *United States v. Fortson*, WL

3963729, at *3 (S.D. Ind. 2020); *United States v. Lawton*, WL 2392417, at *2 (C.D. Ill. 2021). In Mr. Cox's case, his child currently resides with foster parents, and Mr. Cox has not provided any evidence as to why his child's living situation is anything but stable. Cox Am. PSR 18.

Even if the Court were to find extraordinary and compelling circumstances, Mr. Cox's motion would still be denied based on the factors contained in 18 U.S.C. 3553(a). Mr. Cox's criminal record—which contains convictions for burglary, assault IV, and unlawful use of a firearm—demonstrates an history of violent behavior. Cox Am. PSR 12–14. The instant offense involves Mr. Cox and others forcibly gaining entry to a hotel room, robbing individuals at gunpoint, and inflicting serious injuries upon one of the victims. *Id.* at 6–8. Although Mr. Cox played a minor role in the conspiracy, he helped to create dangerous circumstances that resulted in an individual's hospitalization. Additionally, Mr. Cox's PSR demonstrates that he has violated probation at on least two occasions. *Id.* at 12–14. The Court finds that a sentence reduction is inappropriate.

## CONCLUSION

For these reasons, Mr. Cox's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No. 89, is DENIED.

IT IS SO ORDERED.

DATED this 24th day of September, 2021.

____s/Michael J. McShane_____
Michael J. McShane
United States District Judge